

Opinions of the United
States Court of Appeals
for the Third Circuit

11-4-2009

# Camara v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 07-3892

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Camara v. Atty Gen USA" (2009). *2009 Decisions.* Paper 181.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/181

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3892

FATOUMA CAMARA

v.

ERIC H. HOLDER, United States Attorney General,
Respondent

On Petition for Review of a Final Order
of the Board of Immigration Appeals
(Agency No. A97 530 153)

Before: SLOVITER and HARDIMAN, Circuit Judges,
and POLLAK,* District Judge.

(Opinion filed September 4, 2009)

ORDER AMENDING OPINION

POLLAK, *District Judge*:

The government has moved for modification of footnote 14 of the opinion filed on

September 4, 2009.  The government's request is GRANTED IN PART.

NOW THEREFORE, IT IS ORDERED that footnote 14 of the opinion is hereby

_____

* Honorable Louis H. Pollak, Senior Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

1

AMENDED to read as follows:

Besides showing that the harm she experienced was severe enough to amount to persecution, Camara was also required to show that the harm was on account of a statutorily protected ground – e.g., her race, religion, nationality, social group membership, or political opinion. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i). The BIA concluded that Camara did not suffer past persecution "assuming *arguendo* that the government officials who came to [Camara's] family home on one occasion in October 2002, falsely arrested her father for assisting rebel forces, and threatened [Camara] and her family that they would return to the family home for them as well, were centrally motivated by a protected ground under the Act." Prior to stating this conclusion, the BIA stated that it "agree[d] with the Immigration Judge that [Camara] has failed to demonstrate past persecution," citing to pages 7-9 of the IJ's opinion. In those pages of his opinion, the IJ states, *inter alia*, that "no objective evidence was presented by the respondent for the Court to even infer that her father was abducted by members of the death squad on account of his ethnicity or religion."

Had the BIA expressly adopted the IJ's conclusion that Camara's father's abduction was not on account of a statutorily protected ground, that holding might, arguably, have provided an independent basis for the BIA's conclusion that Camara did not experience past persecution. But considering the BIA's blanket statement of agreement with the IJ in conjunction with the BIA's decision to nevertheless analyze the

2

case under the assumption that Camara's father *was* abducted on account of a protected ground under the Act, we cannot tell whether the BIA meant to adopt the IJ's conclusion that Camara's father was not abducted on account of a protected ground.  We must, therefore, review the BIA's opinion as if it did not adopt the IJ's conclusion.  *See Abdulai v. Ashcroft,* 239 F.3d 542, 549 n.2 (3d Cir. 2001) ("In this case, the BIA never expressly 'adopted' any portion of the IJ's opinion or announced that it was deferring to any of the IJ's findings.  We therefore review only the BIA's decision.")

On remand, the BIA may wish to consider this issue more directly.

By the Court,

/s/ Louis H. Pollak
District Judge

Dated: November 4, 2009